UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-140-FDW
(5:12-cr-2-FDW-DSC-1)

| | |
|---|---|
| THOMAS PHELPS HAMILTON,   )<br>   )<br>Petitioner,   )<br>   )<br>vs.   )<br>   )<br>UNITED STATES OF AMERICA,   )<br>   )<br>Respondent.   )<br>_____)   | ORDER |

**THIS MATTER** is before the Court on Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which Petitioner asserts a claim pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), as well as ineffective assistance of counsel. Also pending is a motion seeking post-conviction discovery, (Doc. No. 20).

I.   **BACKGROUND**

Petitioner was indicted in the underlying criminal case for: Count (1), possession with intent to distribute and manufacture less than 50 kilograms of marijuana and less than 50 marijuana plants in violation of 21 U.S.C. §§ 841(a) and (b)(1)(D); Count (2), possession of a firearm during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and Count (3), possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (5:12-cr-2, Doc. No. 38). A jury found Petitioner guilty of Counts (1) and (3), and not guilty of Count (2). (Id., Doc. No. 61).

The Presentence Investigation Report ("PSR") calculated the base offense level as 24 because Petitioner committed the instant offense after sustaining at least two felony convictions

1

for a crime of violence or controlled substance offense.[1] (PSR, ¶ 31). Two levels were added because Petitioner unlawfully possessed four firearms. (PSR, ¶ 32). Four more levels were added because the firearms were found in close proximity to marijuana and drug paraphernalia. (PSR, ¶ 33). Two levels were added for obstruction of justice because Petitioner willfully obstructed, impeded, or attempted to instruct or impede the administration of justice with respect to the investigation, prosecution, or sentencing of the offense of conviction.[2] (PSR, ¶ 37). The resulting adjusted offense level subtotal was 32. (PSR, ¶ 39). In addition, Petitioner is a career offender because the instant offense involved a controlled substance offense, Petitioner was 18 years old or older at the time of commission, and he had at least two prior felony convictions for crimes of violence. (PSR, ¶ 40). The career offender offense level under U.S. Sentencing Guidelines § 4B1.1 is 17, so the higher offense level of 32 applies. (Id.). Petitioner had seven criminal history points and a criminal history category of IV, however, the criminal history category for career offenders is VI. (PSR ¶ 66). The resulting guideline range is 210-262 months' imprisonment. (PSR, ¶ 1022). However, the statutory maximum term of imprisonment for Count (1) is five years and the maximum term for Count (3) is 10 years, therefore, the sentences for Counts (1) and (3) are to be served consecutively to produce a combined sentence equal to the total guideline punishment pursuant to § 5G1.2(d). (Id.).

The Court sentenced Petitioner to 60 months' imprisonment for Count (1) and 120 months' imprisonment for Count (3), consecutive, for a total of 180 months' imprisonment, followed by

---

[1] The PSR grouped Counts (1) and (3) and used the base offense level for Count (3) because it had the higher offense level.

[2] According to the PSR, Petitioner made a phone call and sent a letter from jail to his roommate, instructing her on what to tell investigators about the guns. See (PSR ¶¶ 13, 14).

three years of supervised release. (Id., Doc. No. 71). The Fourth Circuit Court of Appeals affirmed on April 7, 2015. United States v. Hamilton, 606 Fed. Appx. 703 (4th Cir. 2015).

On July 30, 2015, the Federal Public Defender's Office filed a Notice in the criminal case informing the Court that Petitioner is ineligible for a sentence reduction pursuant to United States Sentencing Guideline Amendment 782. (5:12-cr-2, Doc. No. 91). The Court entered an Order denying a sentence reduction pursuant to Amendment 782 on December 8, 2015. (Id., Doc. No. 96).

On November 13, 2015, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 that was opened in the instant civil case. (Doc. No. 1). He filed an amended § 2255 motion to vacate on March 24, 2016. (Doc. Nos. 4). He raises the following claims (*verbatim*):

> 1. WHETHER PETITIONER WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO COUNSEL DURING THE SENTENCING PROCEEDINGS, WHERE COUNSEL FAILED TO OBJECT TO THE IMPROPER APPLICATION OF THE CONSECUTIVE SENTENCE UNDER FORMER USSG § 5G1.2?
>
> 2. WHETHER PETITIONER WAS DEPRIVED OF SIX[TH] AMENDMENT RIGHT TO COUNSEL IN CONNECTION TO THE PLEA PROCESS?
>
> 3. WHETHER PETITIONER[']S CAREER OFFENDER SENTENCE UNDER THE RESIDUAL CLAUSE SET FORTH IN USSG § 4B1.2 IS UNCONSTITUTIONALLY VAGUE AND ENTITLES PETITIONER TO BE RESENTNECED IN LIGHT OF JOHNSON V. UNITED STATES, 576 U.S. ___ 2015?
>
> 4. WHETHER PETITIONER WAS DEPRIVED OF [HIS SIXTH] AMENDMENT RIGHT TO COUNSEL, BASED ON COUNSEL'S FAILURE TO CHALLENGE THE SEARCH WARRANT?

(Doc. No. 4-1 at 1-2).

On December 8, 2016, the Court granted the Respondent's motion to stay the case pending the United States Supreme Court's decision in Beckles v. United States. (Doc. No. 13). The

Respondent filed a Response on June 1, 2017, arguing that Petitioner's claims of ineffective assistance of counsel are facially insufficient, precluded by the record, or based on a legally erroneous premise, and that the challenge to his career offender sentence is precluded by Beckles v. United States, 137 S.Ct. 886, 891 (2017).

Petitioner seeks discovery and a stay pending further investigation of his claim that counsel was ineffective for failing to challenge the legality of the search warrant. (Doc. Nos. 19, 20).

## II. MOTION FOR DISCOVERY

The Rules governing 2255 proceedings state that a 2255 petitioner must demonstrate good cause in order to obtain discovery in such a proceeding:

> A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law….

Rule 6(a), Rules Governing Section 2255 Proceedings in the United States District Courts.

A party requesting discovery in a § 2255 proceeding must provide reasons for the request, include any proposed interrogatories, requests for admission, and specify any requested documents.

Petitioner has identified the broad discovery he seeks, but he has failed to explain any good cause or reason for his request other than the attempt to set forth a Fourth Amendment claim in his § 2255 motion to vacate. The Court will not permit Petitioner to go on a fishing expedition in this § 2255 proceeding. Therefore, Petitioner's motion to conduct discovery in this post-conviction matter is denied.

## III. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence,

4

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The Strickland standard is difficult to satisfy in that the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8 (2003). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In considering the prejudice prong of the analysis, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance, but rather, it "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v.

5

Branker, 512 F.3d 112, 120 (4th Cir. 2008).  If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

The Sixth Amendment right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. See Missouri v. Frye, 566 U.S. 134 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). As a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. Frye, 566 U.S. at 145. To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel, as well as a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it. Id. at 147. It is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. Id.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## IV. DISCUSSION

**(1) <u>Ineffective Assistance: Consecutive Sentencing</u>**

Petitioner contends that counsel failed to object when the Court improperly applied consecutive sentencing pursuant to U.S. Sentencing Guidelines § 5G1.2(d).

The guidelines state as follows with regards to sentencing on multiple counts of conviction:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law. The commentary to that section states that, except as otherwise required by the guidelines or law, the total punishment is to be imposed concurrently to the extent allowed by the statutory maximum for each count of conviction.

U.S.S.G. § 5G1.2(d).

The guidelines application notes provide that, if at least one of the counts will usually have a statutory maximum adequate to permit he total punishment as the sentence on that count, then the sentence on the other counts is set at the lesser of the total punishments and statutory maximum, to be made to run concurrently will all or part of the longest sentence. However, "[i]f no count carries an adequate statutory maximum, consecutive sentences are to be imposed to the extent necessary to achieve the total punishment." U.S.S.G. § 5G1.2, application notes, n.1 (2012). For instance, "suppose a defendant is convicted of three offenses, each with a statutory maximum term of five years (60 months) imprisonment. If the district court determines that the appropriate sentence under the guidelines is 156 months, § 5G1.2(d) requires the imposition of consecutive terms on each count of conviction until the guideline punishment is achieved." <u>United States v. Angle</u>, 254 F.3d 514, 518 (4th Cir. 2001).

In the instant case, the statutory maximum sentence of imprisonment for Count (1) is five years and for Count (3) is ten years, each of which is below the total guidelines sentence of 210-262 months. It was appropriate under these circumstances to impose the statutory maximum for each offense, running consecutively, to reach a total of 180 months in order to give effect to the total punishment pursuant to § 5G1.2(d) as explained by the application notes. See, e.g., United States v. Pinke, 614 Fed. Appx. 651, 653 (4th Cir. 2015) (unpublished).

Counsel cannot be deemed to have provided ineffective assistance for failing to raise a meritless objection to the application of § 5G1.2(d) under these circumstances. See generally Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success.").

**(2)** **Ineffective Assistance: Plea Offer**

Petitioner contends that the Government offered Petitioner a plea bargain where he would receive no more than seven to nine years' imprisonment in exchange for a guilty plea to the firearm possession count. In discussing the offer, counsel never explained to Petitioner the strength of the overwhelming physical evidence against him on the marijuana manufacturing and firearms possession counts, that the sentence on the firearm possession count would run consecutively, or the operation of the sentencing guidelines with respect to enhancements. Had counsel explained the true strength of the Government's case on Counts (1) and (3), that a sentence on the § 922(g) charge could not run concurrently, and the possibilities regarding sentencing enhancements, he would not have gone to trial. Had Petitioner accepted the plea bargain, it would have been accepted and his sentence would have been reduced by approximately 60 months. Petitioner seeks an evidentiary hearing.

In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b); see, e.g., United States v. Ray, 547 Fed. Appx. 343 (4th Cir. 2013) (it was abuse of discretion for failing to conduct an evidentiary hearing on petitioner's claim of ineffective assistance with regards to a plea offer where "[t]he record as it is stands bare" and, other than petitioner's own assertions in his affidavit and pleadings, there was no evidence as to what transpired between petitioner and counsel during the plea negotiations, what advice counsel gave him about the plea offer at issue, and on what basis).

First, this claim is too vague and conclusory to support relief because Petitioner suggests, but fails to allege in his amended § 2255 motion to vacate, that he was guilty and would have pled guilty to Count (3) but for counsel's alleged misadvice. See generally United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court). As such, this claim can be rejected for facial insufficiency.

Moreover, Petitioner's self-serving claims are inconsistent and refuted by the record. Petitioner attempts to correct this claim's facial deficiency by stating in his unverified Reply that he told counsel "that the weapons recovered at the premises were actually his…." (Doc. No. 19 at 4). This is belied by Petitioner's actions prior to trial in which he asked his roommate to mislead investigators about the guns' ownership, which led to a perjury enhancement. (PSR, ¶¶ 13-14). Further, Petitioner's refusal to admit his guilt to Count (3) continued throughout the proceedings. He stated in open court at sentencing that "I'm innocent of the charges of the weapons. Period." (5:12-cr-2, Doc. No. 84 at 17). Petitioner's present self-serving statements that he admitted his guilt to counsel and was willing to plead guilty to Count (3) fail to overcome the record evidence

9

to the contrary. See generally Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary). Moreover, Petitioner has failed to demonstrate a reasonable probability that the Government, and/or Court would have accepted an Alford[3] plea to Count (3). See, e.g., United States v. Moore, 2017 WL 957198 at *3 (March 10, 2017) (noting Department of Justice's policy against Alford pleas).

Petitioner's allegations that he was unaware of the sentencing consequences following trial, including the possibility of consecutive or enhanced sentences, are also refuted by the record. Petitioner stated at the start of the sentencing hearing that he had reviewed the PSR and discussed it with counsel "in detail." (5:12-cr-2, Doc. No. 84 at 3). He also stated in open court that he was satisfied with his lawyer's services to date. (Id.). Petitioner's present claims that counsel did not warn him about the potential sentence he faced if he was found guilty at trial are rejected.

Finally, Petitioner's allegations that he did not understand the strength of the Government's case are self-defeating. He states in his Amended § 2255 Motion to Vacate that counsel did not tell him about the strength of the Government's case. However, Petitioner states in his Reply that he was "completely truthful" with counsel about the facts that he grew marijuana for personal consumption, and that the weapons recovered at the premises were actually his. (Doc. No. 19 at

---

[3] North Carolina v. Alford, 400 U.S. 25, 37-38, n.11 (1970) (a court does not err by allowing a defendant to plead guilty despite his claim of innocence, however, a criminal defendant does not have an absolute right to have his guilty plea accepted by the court).

10

4). His claim of ignorance due to counsel's alleged misadvice conflicts with his own alleged admissions to counsel and are rejected.

Based on the foregoing, the Court concludes that Petitioner's claims of misadvice are not credible and, assuming *arguendo* that counsel failed to adequately discuss the plea offer with Petitioner, this claim still fails because his self-serving and contradictory allegations fail to demonstrate prejudice.

**(3)** **Career Offender Sentence**

Next, Petitioner contends that his career offender sentence has been invalidated by Johnson v. United States, 135 S. Ct. 2551 (2015).

Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause[4] is void for vagueness, and that holding recognizes a retroactively applicable right. See Welch v. United States, 136 S.Ct. 1257, 1265 (2016). However, Johnson addresses only ACCA's residual clause and "does not call into question application of the Act to the four enumerated offense, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563. Nor does Johnson apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017).

Johnson is inapplicable to Petitioner's guideline challenge because its void-for-vagueness holding has no effect on the advisory United States Sentencing Guidelines, including career offender sentencing. Petitioner's reliance on Johnson misplaced in light of Beckles.

**(4)** **Ineffective Assistance: Search Warrant**

---

[4] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

Finally, Petitioner contends that post-conviction discovery will demonstrate that counsel was ineffective for failing to challenge the legality of the search warrant.

This claim is facially insufficient because Petitioner fails to set forth its legal or factual basis. He does not specify any factual or legal foundation upon which counsel could have challenged the search warrant, let alone a foundation so strong that no competent counsel would have overlooked it. Nor does he allege any fact that, if true, would establish a reasonable probability that a challenge to the search warrant would have been successful and resulted in a different trial outcome. Accordingly, this claim is denied as too vague and conclusory to support relief. See generally Dyess, 730 F.3d at 354.

## V.     CONCLUSION

For the foregoing reasons, the Court denies Petitioner's § 2255 motion to vacate and denies his motion for discovery.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. Petitioner's Motion to Reopen the Previously Filed Motion for Post-Conviction Discovery, (Doc. No. 20), is **DENIED.**

3. Petitioner's motion to stay these proceedings incorporated in his Reply, (Doc. No. 19), is **DENIED.**

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 23, 2018

Frank D. Whitney
Chief United States District Judge