|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **THOMAS PHELPS HAMILTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

     **THIS MATTER IS BEFORE THE COURT** on Defendant's Petition for a Writ of Error Coram Nobis and the United States' Motion to Dismiss the Defendant's Petition. *See* Doc. Nos. 106, 108. The Court has reviewed the parties' briefs and other relevant pleadings of record. For the reasons discussed below, the Court will deny the Petition and grant the United States' Motion.

## I.    BACKGROUND

     In 2011, the Defendant operated a marijuana-manufacturing enterprise out of his home. Doc. No. 69 ¶ 8. During this operation, and despite being a felon, he possessed multiple firearms. *Id.* ¶¶ 7–9, 17. Eventually, the Defendant was charged in a three count Bill of Indictment alleging: (1) possession with intent to distribute marijuana and manufacturing marijuana; (2) possession of a firearm in furtherance of a drug-trafficking offense; and (3) possession of a firearm by a felon. *See* Doc. Nos. 5, 38. The Defendant proceeded to trial and was convicted of the marijuana and felon-in-possession counts but acquitted on the count of possession of a firearm in furtherance of a drug-trafficking offense. *See* Doc. No. 71.

     The United States Probation Office prepared a presentence report, recommending that the Defendant be sentenced at a total offense level of 32. *See* Doc. No. 69 ¶ 43. The report also

recommended that he be sentenced as a career offender because, among other things, he had two prior convictions for assaulting a law enforcement officer with a firearm. *Id.* ¶ 40. This increased his criminal history category from IV to VI. *Id.* ¶¶ 37, 40, 43, 66. Ultimately, the Sentencing Guidelines advised a range of 210 to 262 months imprisonment, which was reduced to a guideline range of 180 months due to the statutory maximums. *Id.* ¶ 101-102. This Court sentenced the Defendant to 180 months imprisonment. *See* Doc. No. 71.

The Defendant appealed his conviction and sentence. The Fourth Circuit affirmed both. *See United States v. Hamilton*, 606 F. App'x 703, 706 (4th Cir. 2015). In November 2015, Defendant moved to vacate his sentence, arguing that the residual clause of the career offender guideline was unconstitutionally vague and that he had received ineffective assistance of counsel. *See* Doc. No. 99 at 3. This Court denied the motion. *Id.* at 12. Later, the Defendant wrote the Court asking it to "remove" his term of supervised release, change the location of his supervised release to Florida, or extend his term of incarceration to include the term of supervised release. Doc. No. 104. The Court denied the Defendant's requests but noted that he could discuss his desire to transfer jurisdictions for his term of supervised release with his case manager and probation officer when his release date approached. Doc. No. 105.

The Defendant has now petitioned the Court for a writ of error coram nobis. *See* Doc. No. 106. He argues that his sentence violates due process and constitutes cruel and unusual punishment because he was incorrectly sentenced as a career offender in light of *Borden v. United States*, 141 S. Ct. 1817 (2021). *Id.* at 5–10. The Defendant contends that his two convictions for assaulting a law enforcement officer with a firearm are not crimes of violence under *Borden*. *Id.* at 5–6, 10. The Defendant also seeks permission to serve his term of supervised release in Wilmington, North Carolina, which is in the Eastern District of North Carolina. *Id.* at 11.

## II.  DISCUSSION

The All Writs Act authorizes courts to issue all writs, including the writ of coram nobis, "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The writ of coram nobis is an ancient common-law remedy designed "to correct errors of fact." *See United States v. Morgan*, 346 U.S. 502, 507, 74 S. Ct. 247, 98 L. Ed. 248 (1954); *United States v. Denedo*, 556 U.S. 904, 910, 129 S. Ct. 2213, 2220 (2009). Although the modern contours of coram nobis are broader than at common law, the writ is still limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" *United States v. Denedo*, 556 U.S. 904, 910-11, 129 S. Ct. 2213, 173 L. Ed. 2d 1235 (2009) (quoting *Morgan*, 346 U.S. at 510). It is a remedy of last resort and is granted only where an error is "of the most fundamental character" and there is no other available remedy. *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012). A petitioner seeking this relief must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Id.*

Here, the Court need not undertake a substantive review of the Defendant's petition because a writ of coram nobis is unavailable to him. The Defendant is still in custody and therefore a writ of error coram nobis is not the proper vehicle for him to challenge his incarceration. *See United States v. Brown*, No. 3:92CR270, 2011 U.S. Dist. LEXIS 89358, at *7 (W.D.N.C. Aug. 10, 2011); *see, e.g., United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) ("coram nobis relief was unavailable" to a petitioner who was still in custody); *United States v. Bush*, 888 F.2d 1145, 1147 (7th Cir. 1989) (same); *United States v. Little*, 608 F.2d 296, 299 n.5 (8th Cir. 1979) ("Coram nobis lies only where the petitioner has completed his [or her] sentence and is no longer in federal

3

custody, is serving a sentence for a subsequent state conviction, or has not begun serving the federal sentence under attack"); *United States v. Brown*, 413 F.2d 878, 879 (9th Cir. 1969) (holding coram nobis relief unavailable to a prisoner in custody). The Court will therefore deny the Petition.

That said, the Court will also briefly address the substance of the Defendant's argument. The Defendant's petition relies on the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021). In *Borden*, a plurality of the Supreme Court held that offenses with a mens rea of recklessness did not qualify as violent felonies under the Armed Career Criminal Act. *Id*. at 1834. A fifth justice concurred in the judgment based on his conclusion that the particular provision at issue did not encompass the petitioner's conviction for reckless aggravated assault. *Id*. at 1835. The Defendant contends that this decision undermines the application of the career offender guideline in his case. This argument fails for a simple reason. *Borden* deals with violent felonies under the Armed Career Criminal Act and the Defendant was not sentenced under the Armed Career Criminal Act. Rather, he was sentenced under the career offender guidelines, which set different standards. *Borden* therefore does not apply.

**IT IS THEREFORE ORDERED THAT** Defendant's Petition for a Writ of Error Coram Nobis, Doc. No. 106, is **DENIED** and the United States' Motion to Dismiss the Defendant's Petition, Doc. No. 108, is **GRANTED**.

**SO ORDERED**

Signed: March 27, 2023

Kenneth D. Bell
United States District Judge

4