UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-191-KDB
(5:12-cr-2-KDB-DSC-1)

| | |
|---|---|
| THOMAS PHELPS HAMILTON, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's pro se Petition for Writ of Coram Nobis [Doc. 1].

Petitioner, who was sentenced to 180 months' imprisonment in 2014, argues that his sentence violates due process and constitutes cruel and unusual punishment because he was incorrectly sentenced as a career offender in light of Borden v. United States, 141 S.Ct. 1817 (2021). He asks the Court to vacate his career offender sentence, order his resentencing, allow him to serve his term of supervised release in Wilmington, North Carolina, and grant any other relief the Court deems fair. [Doc. 1 at 9-10].

Petitioner recently sought to challenge his sentence via a coram nobis petition on the same grounds he presently raises. [See 5:12-cr-2 ("CR"), Doc. 106]. The Court found that coram nobis relief was unavailable to Petitioner because he is still in custody, and that Borden is inapplicable to his case in any event. [CR Doc. 109]. The Court dismisses and denies the instant Petition for the same reasons previously discussed. [Id.].

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Petition for Writ of Coram Nobis [Doc. 1] is **DISMISSED AND DENIED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: November 28, 2023

Kenneth D. Bell
United States District Judge